## DE WITT vs. SMARTZ.

*Twelfth District Court, for San Francisco Co., Sept. T.*, 1857.

### DEMURRER—STIPULATION.

The complaint in an action to obtain a decree to enforce compliance with the conditions of a stipulation made in another action between the same parties, must set forth all the facts of that action having reference to the subject matter of the stipulation, or it will be held bad upon demurrer. Whether such a stipulation, signed by the attorney, could be enforced at all by action, *quære.*

The complaint in this action sets forth, that in another action between these parties, a certain stipulation was drawn up and signed, and which is as follows: " In the District Court of the Twelfth Judicial District, of the State of California, in and for the City and County of San Francisco—

*Christian Smartz,*
         Plaintiff,
    vs.
*Andrew De Witt and Henrietta*
*Sophia Louisa De Witt, his wife,*
         Defendants.

### STIPULATION.

It is hereby stipulated and agreed by and between the respective

parties to the above entitled action, by their respective attorneys, as follows, that is to say :.

*First.*—That the plaintiff may and shall take a decree of foreclosure and order of sale of the premises described in the mortgage in the proceedings mentioned, as situated on Sutter, between Jones and Leavenworth streets, for the whole amount of the principal and interest secured to be paid in and by said mortgage. The said decree and order of sale not to be against either of the defendants personally, or against any other property than that above mentioned.

*Second.*—That the said defendant, *Andrew De Witt*, will and shall pay all the future costs of court in the said action, including clerk's fees, sheriff's fees, sheriff's commissions on sale, advertisements, costs of sale, and all other costs and charges that may become due in the entering and execution of the said decree of foreclosure and order of sale.

*Third.*—That the judgment in favor of the said defendant, *Henrietta Sophia Louisa De Witt,* against the said plaintiff, made and entered in the said action on the 9th day of May, A. D., 1857, shall, and the same is hereby remitted and acknowledged to be fully paid and discharged, and a due acknowledgment of satisfaction thereof shall be made and entered of record.

*Fourth.*—That the said plaintiff shall and will, and does hereby, release the premises mentioned and described in the said mortgage, as situated on Sutter street, at the corner of said street and Dupont street, of and from all and every claim and demand whatsoever, as well on account of the said mortgage and the debt thereby secured, as on all other accounts whatsoever; the said release to be duly made and acknowledged, so as to entitle it to be recorded.

Dated at San Francisco, this 9th day of May, A. D., 1857.

> *Glassell & Leigh*, Attorneys for plaintiff.
> *J. B. McCabe* and *J. C. Albertson*,
>    Attorneys for defendant, *H. L. S. De Witt*.
> *Andrew De Witt*, in *pro. per.*"

This stipulation, the complaint goes on to aver, has not been complied with by the defendant *Smartz*, for that the release therein agreed

to be executed by the said *Smartz*, has not been acknowledged and recorded. It then alleges damage, and prays that a decree be entered to enforce the terms of the above stipulation.

General demurrer.

*C. Burbank*, for plaintiff.

*H. McAllister*, for defendant.

NORTON, J.—The complaint is altogether too vague and indefinite in its averments for the purposes of this action. To obtain a decree in order to enforce compliance with a stipulation entered into in another action, would require great care in drawing up the complaint. It would probably be necessary to set forth all the facts and circumstances of the cause in which the stipulation was executed, or at least all those having reference to, or affecting, the subject matter of the agreement itself. In this case it further appears that the stipulation in question was signed by defendant's counsel, and not by her personally. It may well be doubted whether an attorney *can* stipulate his client into a law-suit. It would seem that such a stipulation could only be enforced in the action in which it is given, although if an averment that the attorney entered into it with the special authority, or consent of the client, and upon a sufficient consideration, could be satisfactorily sustained, the agreement might be binding upon the latter, and liable to be enforced by action.

Demurrer sustained, with leave to amend upon payment of costs.